## L. P. C. BURFORD *v.* WILLIAM NOLAN.

UNLAWFUL DETAINER: WHO ENTITLED TO.—To enable a party to maintain an action of unlawful detainer, the defendant must have entered into possession under the plaintiff, and must continue in possession in violation of the contract; hence a purchaser of land sold at a trustee's sale by virtue of a deed and power of sale, executed by the owner, cannot maintain this action against the owner if he refuse to surrender the premises.

IN error from the Circuit Court of De Soto county.   Hon. P. T. Scruggs, judge.

*D. C. Glenn*, for plaintiff in error,
Cited Hutch. Code, 813, §§ 2, 3, 15, 16, 17, 18.

*D. Mayes, contrá*,
Cited Hutch. Code, 813; *Rabe* v. *Fyler*, 10 S. & M. 440; 11 Shep. 542.

FISHER, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of De Soto county.

The cause was brought into that court, by an appeal from the judgment of justices of the peace, in a proceeding of unlawful detainer, by the plaintiff in error, against the defendant.

The defendant in the Circuit Court demurred to the plaintiff's evidence, and the demurrer was sustained by the court.   The case

is in few words this : Nolan executed a deed of trust, to secure certain debts therein named, upon a tract of land, being at the time in the possession of the same, and making default in payment, the land was sold by the trustee, when Burford became the purchaser. Did the plaintiff pursue the proper remedy to gain possession of the land ? We cannot look beyond the letter of the statute, with a view of furnishing an answer to this question ; for to enable the plaintiff to succeed, he must bring himself clearly within the rule which applies to all special or statutory jurisdictions. The statute is in these words : "If any person shall enter, or shall have entered in a peaceable manner into any lands or tenements, in case where such entry is lawful, and after the expiration of his right, shall continue to hold the same, against the consent of the party entitled to the possession," &c. To sustain the proceeding of unlawful detainer under this statute, the defendant must have entered into possession under the plaintiff, and must continue so to hold possession in violation of the contract of the *parties.* There is no pretence for saying that the defendant in this case entered into possession under the plaintiff, and he is not therefore entitled to this summary remedy.

Judgment affirmed.